# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0295
Filed February 11, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Sara Lynn Krausman,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Robert J. Richter, Judge.

————————————

**AFFIRMED**

————————————

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, attorney for
appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

————————————

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Schumacher, J.

1

**SCHUMACHER, Judge.**

Sara Krausman appeals the sentences imposed by the district court following a global plea agreement. She asserts the district court failed to indicate whether her sentences would run concurrently or consecutively and only indicated that in the event her probation was revoked, the sentences for certain counts would run consecutively. Based on those arguments, Krausman argues her sentences were illegal and that her sentences should be presumed to run concurrently. Upon our review, we affirm the district court.

## I. Background Facts & Proceedings

A law enforcement officer conducted a traffic stop on Krausman's vehicle after observing her weaving between lanes and failing to fully stop at a stop sign. The officer noticed a smell of alcohol emanating from Krausman's breath and that Krausman was sweating profusely. Krausman failed a field sobriety test but blew under the legal limit on a breathalyzer. A K9 unit alerted to narcotics inside Krausman's vehicle, where law enforcement found marijuana, two pipes, a THC wax pen, two vials, a baggie that contained methamphetamine, used syringes, and a pill bottle with six different prescription medications.

Following her arrest, Krausman eventually entered a global plea agreement that resolved multiple cases pending against her. In OWCR151901, Krausman pled guilty to operating while intoxicated, second offense, and one count of possession of a controlled substance, marijuana, second offense. In OWCR150941, Krausman pled guilty to operating while intoxicated, third offense; one count of possession of a controlled substance, methamphetamine; and person ineligible to carry dangerous weapons. In SMCR158280, Krausman pled guilty to a misdemeanor charge of

interference with official acts.[1] As part of the plea, the State agreed to dismiss thirteen additional charges.

The plea agreement recommended suspended consecutive sentences. The district court agreed to adopt the plea agreement with two exceptions:

> I just can't get behind the 30 days only on the [operating while intoxicated] third. That's going to be 120 days in jail. I can't get behind just the fine on the interference. That's going to be 30 days. So—and those will be consecutive to each other. So 120 plus 30 gives you 150 in jail. But then everything else—all of the other suspended time consecutive if revoked, the fines, one year max benefits at the facility after you get done with the 150—I'm going along with all of that.

Krausman now appeals, arguing that the district court did not specify the consecutive or concurrent nature of the sentences, so her sentence is illegal, and her sentences should be presumed to run concurrently.

## II.    Standard of Review

We review challenges to a defendant's sentence for correction of errors at law. *State v. Duffield*, 16 N.W.3d 298, 302 (Iowa 2025).

> Sentencing decisions of the district court are cloaked with a strong presumption in their favor. We will not reverse a sentence unless there is an abuse of discretion or some defect in the sentencing procedure. A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable.

*Id.* (cleaned up).

---

[1] Krausman appealed her sentence for this misdemeanor conviction. Our supreme court treated such as an application for discretionary review and denied the same.

### III. Analysis

Krausman argues that the imposition of consecutive sentences based on a contingent probation revocation is an illegal sentence because the district court failed to specify whether her sentences were to be served consecutively or concurrently. She relies on *State v. Cole* in asserting that after a probation revocation, the district court is not allowed to impose a greater sentence than was originally imposed or one that was not specified. *See* 23 N.W.3d 231, 242 (Iowa 2025). This assertion is correct. As the court noted in *Cole*, "If the court elects to revoke probation, section 908.11(4) permits the court to 'require the defendant to serve the sentence imposed or any lesser sentence.'" *Id.* (quoting Iowa Code § 908.11(4) (2023)). There, the court remanded the case because the sentencing court's oral pronouncement and its written order were inconsistent on the issue of imposing concurrent or consecutive sentences. *Id.* at 242–43.

But Krausman's situation is distinguishable from *Cole*. In sentencing Krausman, the district court's written orders in both OWCR150941 and OWCR151091 accurately reflect the court's oral pronouncement: "However, if ever revoked, OWCR450941 and OWCR151901 shall run consecutive to each other for a total of 10 years." So there is no discrepancy between the oral pronouncement and the written orders, which shows that if revocation does occur, the district court, at maximum, could impose consecutive sentences. The consecutive nature of the sentences is also reflected in the plea agreement. Accordingly, we are not persuaded by Krausman's assertion that

4

the district court did not specify whether the sentences were consecutive or concurrent. We conclude the imposed sentence was not illegal.[2]

### IV. Conclusion

Because the district court properly pronounced consecutive sentences orally and in its sentencing orders and we reject the assertion that the sentence is illegal, we affirm.

**AFFIRMED.**

---

[2] Because we conclude the district court specified the consecutive nature of the sentences, we do not reach Krausman's argument concerning the presumption of concurrent sentencing.